**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-4630**

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

     v.

SALVADOR SANTANA CABRERA,

             Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Durham.  William L. Osteen, Jr., District Judge.  (1:09-cr-00122-WO-1)

Submitted:  March 4, 2011          Decided:  March 18, 2011

Before MOTZ, SHEDD, and WYNN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

George E. Crump, III, Rockingham, North Carolina, for Appellant. Sandra Jane Hairston, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Salvador Santana Cabrera[*] pleaded guilty, pursuant to a plea agreement, to one count of possession with intent to distribute 500 grams or more of a mixture and substance containing a detectable amount of cocaine hydrochloride in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B) and one count of possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(i). The district court imposed an eighty-seven month term of imprisonment for the drug charge followed by a statutorily-mandated consecutive sixty month term of imprisonment on the firearm charge.

On appeal, Santana's counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), in which he states that he finds no meritorious issues for appeal. Santana's counsel does call two issues to our attention: whether the district court erred by not fully questioning Santana regarding the five year mandatory minimum sentence for the drug charge at the plea hearing and whether the sentence imposed was substantively unreasonable because Santana was not granted a below-Guidelines sentence on the basis of his work history and

---

[*] Although indicted under the name "Salvador Santana Cabrera," the record indicates that the defendant is known by the surname of "Santana" and we will therefore refer to him as such.

prior good character. Although advised of his right to do so, Santana did not file a pro se supplemental brief, nor did the Government respond to the Anders brief.

Our review of the record leads us to conclude that Santana is not entitled to relief. Because Santana did not move in the district court to withdraw his guilty plea, the Rule 11 hearing is reviewed for plain error. United States v. Martinez, 277 F.3d 517, 525-26 (4th Cir. 2002). "To establish plain error, [Santana] must show that an error occurred, that the error was plain, and that the error affected his substantial rights." United States v. Muhammad, 478 F.3d 247, 249 (4th Cir. 2007). Even if Santana satisfies these requirements, "correction of the error remains within [the Court's] discretion, which [the Court] should not exercise . . . unless the error seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings." Id. (internal quotation marks and citation omitted).

While the district court did not question Santana as to whether he understood the significance of the five year mandatory minimum sentence, the court did inform him of the existence of the mandatory minimum. Furthermore, the mandatory minimum was stated in the plea agreement and Santana testified at the Rule 11 hearing that he fully understood the plea agreement. Even if we were to find that the district court

3

erred in failing to specifically ask Santana whether he understood the significance of the mandatory minimum sentence, we could not find that this error affected his substantial rights. This alleged error therefore provides no valid grounds for relief.

To the extent that Santana challenges the substantive reasonableness of his sentence, we review a district court's imposition of a sentence under a deferential abuse-of-discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). We presume that a sentence within a properly-calculated guideline range is reasonable. United States v. Allen, 491 F.3d 178, 193 (4th Cir. 2007). Santana points to several factors in his personal history that may have lent support to a below-Guidelines sentence in his case. But none of the considerations Santana brings to our attention demonstrate that his bottom-of-the-Guidelines sentence was substantively unreasonable. United States v. Montes-Pineda, 445 F.3d 375, 379 (4th Cir. 2006). The district court provided a sound explanation for rejecting Santana's request for a below-Guidelines term of imprisonment at sentencing. The record does not support a finding that the district court's sentence was unreasonable.

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm Santana's conviction and sentence. This

court requires that counsel inform Santana, in writing, of the right to petition the Supreme Court of the United States for further review. If Santana requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Santana.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>